UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Martha L. Jacobs, | ) | C/A No. 4:08-3176-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| State of South Carolina;  and | ) | |
| Marlboro County, | ) | **Report and Recommendation** |
| | ) | |
| Defendants. | ) | |

_____

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review

has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25

(1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v.*

*Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an

indigent litigant to commence an action in federal court without paying the administrative costs of

proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can

be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless

1

legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

<u>Background</u>

Plaintiff's complaint seeks monetary damages from the State of South Carolina and Marlboro County for denying Plaintiff's application for a homestead tax exemption. Plaintiff indicates the Defendants denied her homestead exemption application on or around January 2, 2001. Plaintiff was informed by the County Auditor, Mr. Moore, that her income was too high to qualify for the tax exemption, and that Plaintiff also needed to be approved by the Social Security Administration.

2

Plaintiff indicates that she was subsequently determined disabled by the Social Security Administration. However, Auditor Moore then "sought higher officials to disaprove [sic] the exemption." Plaintiff attaches letters to her complaint from the South Carolina Vocational Rehabilitation Department and Social Security Administration, dated 2005, which indicate she has been deemed totally and permanently disabled.

<u>Discussion</u>

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

A Plaintiff must allege the facts essential to show jurisdiction in his or her pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may

find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). While the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Thus, if the court, viewing the allegations in the light most favorable to the Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. As discussed below, the allegations contained in the Plaintiff's complaint do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this action. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). The Court has no diversity jurisdiction over this case because, according to the Plaintiff's information, she and the Defendants are all residents of South Carolina. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the Plaintiff's complaint contains no allegations of any specific violation of any federal statute or Constitutional provision by the Defendants. The essential allegations of the complaint, that the Defendants denied Plaintiff's homestead exemption application, are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."

4

28 U.S.C. § 1331.  Thus, the complaint fails to state a claim cognizable under this Court's "federal question" jurisdiction.

It is noted that Plaintiff's complaint, even if liberally construed as a civil rights action pursuant to 42 U.S.C. § 1983[1], would still be subject to summary dismissal.  In regards to Defendant Marlboro County and Marlboro County Auditor Mr. Moore[2], Plaintiff fails to allege a specific Constitutional injury or violation. In addition, municipal liability is based on execution of a governmental policy or custom, *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), and a municipality may not be held liable under § 1983 solely because it employs the tort-feasor.  Rather, a Plaintiff must identify a municipal "policy" or "custom" that caused the Plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997); *Kirby v. City of Elizabeth City, North Carolina,* 388 F.3d 440, 451 (4th Cir. 2004).  As Plaintiff fails to identify any policy or custom of Marlboro County which caused a federal right to be violated,  she fails to state a claim against this Defendant.

Additionally, a § 1983 claim for damages against Defendant State of South Carolina and/or the South Carolina Department of Revenue, would be barred  because of Eleventh Amendment

---

[1]      Title 42 U.S.C. § 1983 states in part:  "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...".

[2]      Plaintiff names the Marlboro County Auditor, Mr. Moore, in the body of her complaint, however, Plaintiff does not list Mr. Moore as a Defendant in this case in the complaint's caption or "parties" section.  Therefore, Mr. Moore has not been added to the docket as a Defendant in this action.

immunity.[3]   Although the Eleventh Amendment's language does not explicitly prohibit a citizen of

a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.

S. 1 (1889), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury,

would not be served if a state could be sued by its citizens in federal court.   Thus, the Eleventh

Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor

of a citizen of that state.   *Edelman v. Jordan*, 415 U. S. 651, 663 (1974).

Agencies of the state share this immunity when they are the alter egos of the state.   Although

it is not completely clear whether Plaintiff wished to name the South Carolina Department of

Revenue as a separate Defendant in the present action, the suit may be barred by the Eleventh

Amendment if the Plaintiff, a private party, seeks to recover money from the state's public funds.

*Edelman*, 415 U.S. at 663.   In the case *sub judice*, Plaintiff clearly seeks damages from Defendant

State of South Carolina and possibly seeks compensation from the South Carolina Department of

Revenue.   As an award of damages against the State of South Carolina and its agencies would be

barred by the Eleventh Amendment, any §1983 claims Plaintiff may be attempting to raise against

these entities would be subject to summary dismissal.[4]

---

[3]      The Eleventh Amendment provides:  "The judicial power of the United States shall not
be construed to extend to any suit in law or equity, commenced or prosecuted against one of the
United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[4]      While the United States Congress can override Eleventh Amendment immunity through
legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983
cases.  *See Quern v. Jordan*, 440 U. S. 332, 343 (1979).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

October 2, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).